# EXHIBIT A

# IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

PIERRE A. BASSON.
    Plaintiff,

VS.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
CITIMORTGAGE, INC.;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
    Defendants.

CASE NO.

ACV 1472-3

17CV-1472-3
COM
Complaint
1418343



FORSYTH COUNTY GEORGIA
FILED IN THIS OFFICE
AUG 07 2017
CLERK SUPERIOR COURT

## COMPLAINT FOR QUIET TITLE; FRAUD; EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER TO ENJOIN A WRONGFUL FORECLOSURE SALE AND FOR OTHER RELIEF

COMES NOW Pierre A. Basson, Pro Se, and sues Defendants Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"); CitiMortgage, Inc. and Federal National Mortgage Association (hereinafter "FNMA"), and as grounds therefore would state:

1. This is an action for Quiet Title, for Fraud, and to Enjoin a Wrongful Non-Judicial Foreclosure and Sale and for other relief.

2. Plaintiffs Pierre A. Basson is the owner of the subject property pursuant to a Warranty Deed, Attached hereto as Plaintiff's Exhibit "A".

3. Defendants MERS, CitiMortgage, Inc., and FNMA are foreign entities doing business in Forsyth County, Georgia and are subject to the jurisdiction of this court.

Pg 1

## JURISDICTION AND VENUE

4. The Quiet Title action in Count I of this Complaint, is an action to quiet title against all the world pursuant to the Quiet Title Act of 1966, O.C.G.A. Section 23-3-60. This court has jurisdiction over the parties, subject matter and the real property of this case. The Superior Court has jurisdiction over Quiet Title actions in the State of Georgia. Plaintiffs additional causes of action for fraud and to enjoin a wrongful foreclosure sale is based upon and are pursuant to the laws of the State of Georgia and venue is proper in Forsyth County because the property is located in Forsyth County, Georgia, Plaintiff is a resident of Forsyth County, Georgia and the acts complained of occurred in Forsyth County, Georgia.

## COUNT I—QUIET TITLE

5. Plaintiff re-alleges the allegations of paragraphs 1 through 4 and incorporate same by reference into this Count.

6. Plaintiff is the owner of the subject property.

7. Said property is legally described as follows:

All that tract or parcel of land lying and being in Land Lot 91 of the 2nd District, 1st Section, Forsyth County, Georgia, being 6.97 acres and being Tract A according to a plat of survey for Lloyd F. Lentz and Evelyn A. Lentz prepared by Woolley & Associates, Inc., Surveyors, dated January 24, 1979, and revised October 29, 1979, and being more particularly described as follows:

Beginning at an iron pin located on the land lot line common to Land Lots 54 and 91, aforesaid records, which point is 133.61 feet easterly along said line from the

corner common to Land Lots 53, 54, 91 and 92; thence south 87 degrees 45 minutes east 300.00 feet to an iron pin; thence south 11 degrees 8 minutes east 1245.55 feet to an iron pin on the northerly edge of a proposed 60 foot road; thence along said road 87 degrees 45 minutes west 130 feet to a point; continuing thence along said road an arc distance of 68 feet (said arc being subtended by a chord line running south 72 degrees 47 minutes west 66.69 feet to a point) to a point; thence north 15 degrees 31 minutes west 1295.78 feet to an iron pin on the land lot line common to Land Lots 54 and 91 and the point of beginning.

Tract B

All that tract or parcel of land lying and being in Land Lot 91 of the 2nd District, 1st section, Forsyth County, Georgia, being 5.03 acres and being Tract B according to a plat of survey for Lloyd F. Lentz and Evelyn B. Lentz, prepared by Woolley & Associates, Inc., Surveyors, dated January 24, 1979, and revised October 29, 1979 and being more particularly described as follows:

Beginning at an iron pin located on the land lot line common to Land Lots 54 and 91, aforesaid records, which point is 433.61 feet easterly along said line from the corner common to Land Lots 53, 54, 91 and 92; thence south 87 degrees 45 minutes 52 seconds west 1212 feet to an iron pin on the northerly edge of a proposed 60 foot road; thence along said road north 11 degrees 8 minutes west 1245.55 feet to an iron pin on the land lot common to Land Lots 54 and 91 and the point of beginning.

LESS AND EXCEPT any portion of caption property that lies within Land Lot 91 of the 2nd District, 1st Section, Forsyth County Georgia, being Wade Valley Subdivision, Unit 6, as per plat recorded in Plat Book 41, page 224, Forsyth County records, said plat being incorporation herein by reference thereto.

Also known as 5262 Keithwood Drive, Cumming, GA 30040.

A Plat of Survey is attached as Plaintiff's Exhibit "B".

8. Plaintiff files this action to determine all adverse claims and to remove clouds on Plaintiffs Title, including but not limited to, the Assignments of Security Deed, which are false, Fraudulent and fabricated instruments created

and recorded in violation of Georgia law. Said assignments are attached as Plaintiffs Exhibit "C".

9. Defendants claim an interest in the subject property adverse to Plaintiff's.

10. The Security Deed Assignments to Defendants are false, fraudulent and fabricated documents and are null and void and without legal force or effect. Plaintiff has standing to challenge these clouds against his title as enunciated by the Georgia Court of Appeals in *Johnson v. Bank of America*.

11. This action is in compliance with OCGA Section 23-3-62. Plaintiff shall seek to serve any "unknown parties with any interest in the subject property" by publication of an order from this Court pursuant to the Georgia Code. Contemporaneously with the filing of this action Plaintiff has filed with the Clerk of the Superior Court of Forsyth County, Georgia a notice of Lis Pendens. Plaintiff is entitled to a decree from this Court establishing that Plaintiff is the owner in fee simple to the subject property free and clear of any adverse claims and all clouds against his title.

WHEREFORE, Plaintiffs respectfully request a Final Order granting the following relief:

A. That this Court decree that fee simple absolute title of the subject property is vested in Plaintiff superior as to all Defendants.

B. That the Court order the Clerk of the Superior Court of Forsyth County, Georgia to properly cancel of record all adverse claims of any Defendants that may arise from recorded instruments; and

C. That Plaintiffs have such other and further relief as the court deems equitable, appropriate and just.

## COUNT II—FRAUD

12. Plaintiff re-alleges the allegations contained in paragraphs 1 through 11 and incorporates same by reference into this Count.

13. Defendants have defrauded Plaintiffs by making several false misrepresentations of material fact.

14. These false misrepresentations of material fact include that the subject property was legally and lawfully assigned to Defendants when it was not. The first assignment of Security Deed, dated September 13, 2012 and the second assignment dated February 13, 2014, are both false, fraudulent and fabricated assignments. A property cannot be legally conveyed into a trust more than 90 days from the signing of the original security deed. Therefore, both assignments are illegal, null and void and conveyed nothing as they violate Georgia House Bill 185, that states in pertinent part as follows:

"it is unlawful to knowingly file, enter or record any document in a public record or court of this state…knowing or having reason to know that such document is false or contains a materially false, fictitious or fraudulent statement or representation. Any

Pg 5

action violating this law is considered to be a felony punishable by one to ten years incarceration or a $10,000.00 fine or both."

Defendant have violated this provision by having a document having a false, Fictitious or fraudulent statement or representation recorded in the public records of Forsyth County, Georgia.

15. The subject property was never validly conveyed to Defendants CitiMortgage, Inc. or FNMA Further, because the loan was already in default, a defaulted loan cannot be validly conveyed. Neither assignment of security deed was valid and the assignments are null and void. Defendants continued to represent that they had a valid interest in the original Security Deeds when they did not. Defendants knew that their interest was not valid or legal but continued to represent that they had the legal right and ability to foreclose the subject security deed when they did not.

16. Defendants made the representations of material fact with the intent to defraud Plaintiff into believing that they had the legal ability to non-judicially foreclose on the subject property and to sell the property to themselves at a foreclosure sale and issue a Deed Under Power to themselves when they knew they had no legal interest in the original security deed.

17. Plaintiffs justifiably relied up Defendants false and fraudulent representations of material fact.

18. The fraudulent actions of Defendants "shock the conscience"

and has illegally threatened to foreclose on Plaintiffs and countless other homeowners entitling Plaintiffs to punitive damages.

19. As a direct and proximate result of Counter-Defendant's fraud, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demands judgment against Defendants for actual damages of at least $324,000.00, punitive damages of at least 1Million Dollars ($1,000,000.00) court costs and reasonable attorneys fee.

## COUNT III—EMERGENCY T.R.O. TO ENJOIN WRONGFUL FORECLOSURE SALE

20. Plaintiffs re allege and incorporate paragraphs 1-19 into this count. This Is an action to enjoin a wrongful judicial foreclosure sale scheduled for the first Tuesday of the month following the month the foreclosure sale is advertised.

22. Defendants accomplished by means of recording fraudulent assignments in the public records of Forsyth County, Georgia in violation of Georgia House Bill 185, which makes it illegal to record misleading documents in the public records in any county of this State. Defendants have violated Georgia Statutes, which makes any foreclosure or attempted foreclosure wrongful and an intentional tort in the State of Georgia.

23. Said assignments of security deed which were fabricated and recorded in the public Defendants the appearance of having a legitimate, legal interest in the subject

security deed and property in order to threaten a fraudulent non-judicial foreclosure and subsequent fraudulent foreclosure sale of the property to themselves.

24. Defendants are in violation of the terms of the Security Deed by failing to provide Plaintiffs with a proper acceleration notice, which is a condition precedent to filing a non-judicial foreclosure. This violation of Paragraph 22 of the Security Deed, violates the notice provisions of the Georgia non-judicial foreclosure statutes and renders the attempted non-judicial foreclosure as wrongful. Should the foreclosure go forward, it would be a wrongful foreclosure sale if not enjoined by this Honorable court.

25. Plaintiff moves this Honorable Court for the entry of a Temporary Restraining Order to enjoin and restrain Defendants from auctioning, selling, foreclosing, or offering for sale Plaintiffs real property at a non-judicial foreclosure auction sale.

26. The Court has the power to enter the injunctive relief that Plaintiffs request. A primary justification for a temporary restraining order is to preserve the status quo in order to allow the Court to render a meaningful decision on the merits. *See Johnson & Johnson Vision Care, Inc. v. 1-800 Contact, Inc.*, 299 F. 3d 1242, 1246-47 (11th Cir. 2002). To secure a temporary restraining order, the movant must establish:

"(1) a substantial likelihood of success on the merits of the underlying case, (2) ...irreparable harm in the absence of an injunction, (3) the harm suffered

by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest."*Allen v. Suntrust Banks, Inc.*, 549 F. Supp. 2d 1379, 1381 (N.D. Ga. 2008) (alteration in original) (quoting *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.* 299 F.3d 1242, 1246-47 (11th Cir. 2002). As discussed below, Plaintiffs meet the standards for a temporary restraining Order. and requests that the Court enter an Order that prohibits Defendants from auctioning, selling, offering for sale or otherwise holding a non-judicial auction of Plaintiffs property.

## PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

The facts, the statutory and case law and the attached Affidavit all show that Plaintiffs are entitled to the relief requested and that it is extremely likely that Plaintiffs will succeed on the merits of their claim.

## PLAINTIFF WILL SUFFER IRREPARABLE INJURY IF THE RELIEF REQUESTED IS NOT GRANTED

If the relief requested is not granted to Plaintiffs causing Plaintiffs to lose their home and financially fail, Plaintiffs will be severely impacted, and potentially becoming homeless, which harm and damage will do permanent damage to Plaintiff's, which cannot be fully compensated by the award of monetary damages alone. Plaintiffs have no other adequate remedy at law.

## A TEMPORARY RESTRAINING ORDER WOULD NOT CAUSE ANY COGNIZABLE HARM TO DEFENDANTS AND THE BALANCING OF HARMS TIPS IN TO PLAINTIFF

The TRO will merely preserve the status quo and require Defendants to do what they are already required to do by law. Issuing a TRO will not effect Defendants operations and would only result in a delay in the non-judicial foreclosure process. In these circumstances, any conceivable harm to Defendants that they might identify as stemming from a Temporary Restraining Order is not cognizable. *See Ardito v. City of Providence*, 263 F. Supp. 2d 358, 373 (D.R.I. 2003) (noting that any burdens that an injunction imposed on defendant "would result from a situation of the [defendants]'s own making," and defendant cannot therefore "cannot cite the possible consequences of that decision as a hardship that weighs against granting a preliminary injunction"). Any balancing of harms tips in favor of plaintiffs and against defendants.

## A TEMPORARY RESTRAINING ORDER IS CONSISTENT WITH THE PUBLIC INTEREST

A temporary restraining order in this matter is consistent with the public interest. It is in the public interest that Banks, lenders, servicers and others not be allowed to wrongfully foreclose on homeowners homes which causes

homelessness and other social ills and dislocations and imposes tremendous social costs on cities and neighborhoods. Ensuring that entities foreclosing on homes have the legal right to foreclose is consistent with the public interest.

## CONCLUSION

For the foregoing reasons and based upon the points and authorities cited herein, the Court should grant Plaintiffs motion for an emergency Temporary Restraining Order and grant such other and further relief as the Court deems equitable, appropriate and just.

Respectfully submitted this 7th day of August, 2017.

## JURY TRIAL DEMANDED

Counter-Plaintiff demands trial by jury on all issues so triable.

## VERIFICATION

Plaintiff affirms that the facts and allegations set forth above are true and correct under penalty of perjury.

Respectfully submitted this 7th day of August, 2017.

_____
Pierre A. Basson, Plaintiff Pro Se

5262 Keithwood Drive
Cumming, GA 30040

Please return to: O'Kelley & Sorohan, Attorney's At Law, LLC
540 Lake Center Parkway
Suite 204 Cumming, GA 30040
File # 1407C

```
Doc ID: 002391650003 Type: GLR
Filed: 01/11/2006 at 10:21:38 AM
Fee Amt: $419.00 Page 1 of 3
Transfer Tax: $405.00
Forsyth County, GA
Douglas Sorrells Clerk Superior Ct
BK4124 PG516-518
```

STATE OF GEORGIA
COUNTY OF

## WARRANTY DEED

THIS INDENTURE made this 30th day of **December, 2005**, between

**DAVID N. THOMAS and PEGGY SUE THOMAS** ,

as party or parties of the first part, hereinafter called Grantor, and

**PIERRE A. BASSON** ,

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that: Grantor, for and in consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee, the following described property:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

THIS CONVEYANCE is made subject to all zoning ordinances, easements and restrictions of record affecting said bargained premises.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above-described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, Grantor has hereunto set grantor's hand and seal this first day and year first above written.

Signed, sealed and delivered in the presence of:

_____ (Seal)
DAVID N. THOMAS

_____ Witness

_____ (Seal)
PEGGY SUE THOMAS

_____
Notary Public
My commission expires

_____ (Seal)

[Attach Notary Seal]

_____ (Seal)

OS 1407C / Basson

Exhibit A    POOR ORIGINAL

Tract A:

All that tract or parcel of land lying and being in Land Lot 91 of the 2nd District, 1st Section, Forsyth County, Georgia, being 6.97 acres and being Tract A according to a plat of survey for Lloyd F. Lentz and Evelyn A. Lentz prepared by Woolley & Associates, Inc., Surveyors, dated January 24, 1979, and revised October 29, 1979, and being more particularly described as follows:

Beginning at an iron pin located on the land lot line common to Land Lots 54 and 81, aforesaid records, which point is 133.61 feet easterly along said line from the corner common to Land Lots 53, 54, 91, and 92; thence south 87 degrees 45 minutes east 300.00 feet to an iron pin; thence south 11 degrees 8 minutes east 1245.55 feet to an iron pin on the northerly edge of a proposed 60 foot road; thence along said road north 87 degrees 45 minutes west 130 feet to a point; continuing thence along said road an arc distance of 68 feet (said arc being subtended by a chord line running south 72 degrees 47 minutes west 66.69 feet to a point) to a point; thence north 15 degrees 31 minutes west 1295.78 feet to an iron pin on the land lot line common to Land Lots 54 and 91 and the point of beginning.

Tract B:

All that tract or parcel of land lying and being in Land Lot 91 of the 2nd District, 1st Section, Forsyth County, Georgia, being 5.03 acres and being Tract B according to a plat of survey for Lloyd F. Lentz and Evelyn B. Lentz prepared by Woolley & Associates, Inc., Surveyors, dated January 24, 1979, and revised October 29, 1979, and being more particularly described as follows:

Beginning at an iron pin located on the land lot line common to Land Lots 54 and 91, aforesaid records, which point is 433.61 feet easterly along said line from the corner common to Land Lots 53, 54, 91, and 92; thence south 87 degrees 45 minutes east 311.82 feet to an iron pin; thence south 0 degrees 59 minutes 52 seconds west 1212 feet to an iron pin on the northerly edge of a proposed 60 foot road; thence along said road north 87 degrees 45 minutes west 50 feet to an iron pin; thence north 11 degrees 8 minutes west 1245.55 feet to an iron pin on the land lot line common to Land Lots 54 and 91 and the point of beginning.

LESS AND EXCEPT any portion of caption property that lies within Land Lot 91 of the 2nd District, 1st Section, Forsyth County, Georgia, being Wade Valley Subdivision, Unit 6, as per plat recorded in Plat Book 41, page 224, Forsyth County records, said plat being incorporated herein by reference thereto.

EXHIBIT "B"



EXHIBIT "C"-1

When Recorded Return To:
CitiMortgage, Inc.
C/O NTC 2100 Alt. 19 North  *Ret*
Palm Harbor, FL 34683

Doc ID: 013151370001 Type: GLR
Recorded: 09/25/2012 at 02:02:05 PM
Fee Amt: 87.00 Page 1 of 1
Forsyth County, GA
Greg G. Allen Clerk Superior Ct
BK **6419** PG **574**

## ASSIGNMENT OF SECURITY DEED

**FOR GOOD AND VALUABLE CONSIDERATION**, the sufficiency of which is hereby acknowledged, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR E-LOAN, INC., ITS SUCCESSORS AND ASSIGNS, WHOSE ADDRESS IS P.O. BOX 2026, FLINT, MI, 48501, (ASSIGNOR)**, by these presents does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to **CITIMORTGAGE, INC., WHOSE ADDRESS IS 1000 TECHNOLOGY DRIVE, O'FALLON, MO 63368-2240 (800)283-7918, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).**

Said Security Deed is executed by **PIERRE A. BASSON** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR E-LOAN, INC.** and recorded in Deed Book 4124, Page 519, and/or as Instrument # in the office of the Clerk of the Superior Court of FORSYTH County, Georgia.

IN WITNESS WHEREOF, the undersigned has hereunto set its hand on 09/__13__/2012 (MM/DD/YYYY).
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR E-LOAN, INC., ITS SUCCESSORS AND ASSIGNS**

By: _____
KIMBERLY GOELZ    ASST. SECRETARY

And: _____
ASHLEY BRABAND    ASST. SECRETARY

_____
FRANCE MARIE MOSS    Witness

_____
WENDY RAMIREZ    Witness

STATE OF FLORIDA   COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on 09/__13__/2012 (MM/DD/YYYY), by KIMBERLY GOELZ and ASHLEY BRABAND as ASST. SECRETARY and ASST. SECRETARY, respectively for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR E-LOAN, INC., ITS SUCCESSORS AND ASSIGNS, who, as such ASST. SECRETARY and ASST. SECRETARY, respectively being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
TONJA BURKETT
Notary Public - State of FLORIDA
Commission expires: 08/01/2016

Tonja Burkett
Notary Public State of Florida
My Commission # EE 221272
Expires August 1, 2016

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
CMAVR 17459518 -- MERS MOM CJ4151018   MIN 100039610009514893 MERS PHONE 1-888-679-6377
[C] FORM5\FRMGA1

*17459518*

EXHIBIT "C" - 2



When Recorded Return To:
CitiMortgage, Inc.
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

Citi Loan No 0012281345
Seterus Loan No 25279275
Fannie Loan No 1700836521

Doc ID: 014031560001 Type: GLR
Recorded: 02/21/2014 at 01:30:26 PM
Fee Amt: $9.00 Page 1 of 1
Forsyth County, GA
Greg G. Allen Clerk Superior Ct
BK 6961 PG 688

## ASSIGNMENT OF SECURITY DEED

Contact Federal National Mortgage Association for this instrument c/o Seterus, Inc., 14523 SW Millikan Way, #200, Beaverton, OR 97005, telephone #1-866-570-5277, which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, CITIMORTGAGE, INC., WHOSE ADDRESS IS 1000 TECHNOLOGY DRIVE, O'FALLON, MO, 63368, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to FEDERAL NATIONAL MORTGAGE ASSOCIATION, WHOSE ADDRESS IS 14221 DALLAS PARKWAY, SUITE 100, DALLAS, TX 75254, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Security Deed is executed by PIERRE A BASSON to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR E-LOAN, INC. and recorded in Deed Book 4124, Page 519, and/or as Instrument # in the office of the Clerk of the Superior Court of FORSYTH County, Georgia.

IN WITNESS WHEREOF, the undersigned has hereunto set its hand on 2 / 13 /2014 (MM/DD/YYYY).
CITIMORTGAGE, INC.

By: _____
Nadine Homan    VICE PRESIDENT

And: _____
Deborah Turner-Bey    ASST. SECRETARY

All Authorized Signatories whose signatures appear above have reviewed this document and supporting documentation prior to signing.

_____
Daniel Thompson    Witness

_____
Nicole Pedder    Witness

STATE OF FLORIDA    COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on 2 / 14 /2014 (MM/DD/YYYY), by Nadine Homan and Deborah Turner-Bey as VICE PRESIDENT and ASST. SECRETARY, respectively of CITIMORTGAGE, INC., who, as such VICE PRESIDENT and ASST. SECRETARY, respectively being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
Nicole Baldwin
Notary Public - State of FLORIDA
Commission expires: 08/05/2016

Nicole Baldwin
Notary Public State of Florida
My Commission # EE 222285
Expires August 5, 2016

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
CMOAV 22319473 -- MSR-2014-02-01    DOCR T1614010719 [C-1] FRMGA1

*D0005278801*

**SUMMONS**  SC-85-1  Clyde Castleberry Co., Covington, GA 30015

IN THE SUPERIOR/STATE COURT OF __FORSYTH__ COUNTY

STATE OF GEORGIA

__PIERRE A. BASSON__

CIVIL ACTION NUMBER __ACV 1472-3__

PLAINTIFF

FORSYTH COUNTY GEORGIA
FILED IN THIS OFFICE

AUG 07 2017

CLERK SUPERIOR COURT

VS.

__MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.__

__CITIMORTGAGE, INC.__

__FEDERAL NATIONAL MORTGAGE ASSOCIATION__

DEFENDANT

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

PIERRE A. BASSON
5262 KEITHWOOD DRIVE
CUMMING GA 30040

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __7th__ day of __AUGUST__, 20__17__.

Clerk of Superior/State Court

BY _____ Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

FORSYTH COUNTY GEORGIA
FILED IN THIS OFFICE

AUG 0 7 2017

CLERK SUPERIOR COURT

| | |
|---|---|
| PIERRE A. BASSON.<br>Plaintiff,<br><br>vs.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>CITIMORTGAGE, INC.;<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION,<br>Defendants. | CASE NO.<br><br>17CV 1472-3 |

Doc ID: 016035840002 Type: LEN
Recorded: 08/07/2017 at 04:02:36 PM
Fee Amt: $7.00 Page 1 of 2
Forsyth County, GA
Greg G. Allen Clerk Superior Ct
BK 381 PG 64-65

## NOTICE OF LIS PENDENS

NOTICE IS HEREBY GIVEN of a pending action in the above-styled cause, being Claims for Quiet Title, for Fraud, and for Emergency Temporary Restraining Order affecting the following described property:

All that tract or parcel of land lying and being in Land Lot 91 of the 2nd District, 1st Section, Forsyth County, Georgia, being 6.97 acres and being Tract A according to a plat of survey for Lloyd F. Lentz and Evelyn A. Lentz prepared by Woolley & Associates, Inc., Surveyors, dated January 24, 1979, and revised October 29, 1979, and being more particularly described as follows:

Beginning at an iron pin located on the land lot line common to Land Lots 54 and 91, aforesaid records, which point is 133.61 feet easterly along said line from the corner common to Land Lots 53, 54, 91 and 92; thence south 87 degrees 45 minutes east 300.00 feet to an iron pin; thence south 11 degrees 8 minutes east 1245.55 feet to an iron pin on the northerly edge of a proposed 60 foot road; thence along said road 87 degrees 45 minutes west 130 feet to a point; continuing thence along said road an arc distance of 68 feet (said arc being subtended by a chord line running south 72 degrees 47 minutes west 66.69 feet to a point) to a point; thence north 15 degrees 31 minutes west

1295.78 feet to an iron pin on the land lot line common to Land Lots 54 and 91 and the point of beginning.

Tract B

All that tract or parcel of land lying and being in Land Lot 91 of the 2nd District, 1st section, Forsyth County, Georgia, being 5.03 acres and being Tract B according to a plat of survey for Lloyd F. Lentz and Evelyn B. Lentz, prepared by Woolley & Associates, Inc., Surveyors, dated January 24, 1979, and revised October 29, 1979 and being more particularly described as follows:

Beginning at an iron pin located on the land lot line common to Land Lots 54 and 91, aforesaid records, which point is 433.61 feet easterly along said line from the corner common to Land Lots 53, 54, 91 and 92; thence south 87 degrees 45 minutes 52 seconds west 1212 feet to an iron pin on the northerly edge of a proposed 60 foot road; thence along said road north 11 degrees 8 minutes west 1245.55 feet to an iron pin on the land lot common to Land Lots 54 and 91 and the point of beginning.

LESS AND EXCEPT any portion of caption property that lies within Land Lot 91 of the 2nd District, 1st Section, Forsyth County Georgia, being Wade Valley Subdivision, Unit 6, as per plat recorded in Plat Book 41, page 224, Forsyth County records, said plat being incorporation herein by reference thereto.

Also known as 5262 Keithwood Drive, Cumming, GA 30040.

This 7th day of August, 2017.

_____
Pierre A. Basson, Plaintiff
5262 Keithwood Drive
Cumming, GA 30040